GOULD, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the district court erred when it concluded that it had no discretion to reconsider Jones’s sentence on remand. The error is understandable, because our prior decision was ambiguous and not clear in mandate, but as a general rule, the district court can act when not precluded by the mandate.
But I disagree that the error was harmless. In affirming Jones’s 18 U.S.C. § 2251(a) conviction in his prior appeal, we relied on United States v. U.S. District Court (“Kantor II”). United States v. Jones, 459 Fed.Appx. 616, 617 (9th Cir. 2011) cert. denied, — U.S. —, 132 S.Ct. 1937, 182 L.Ed.2d 795 (2012) (citing Kantor II, 858 F.2d 534 (9th Cir.1988)). Kantor II came to us on a writ of mandamus before trial began and a sentence had been entered, and it did not discuss sentencing issues. 858 F.2d at 534. When we decided Jones’s prior appeal, we did not refer to his sentence or sentencing claims. Jones, 459 Fed.Appx. at 617.
*772 Application of the law of the case is discretionary. Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir.2012). But here the district court had no opportunity to apply its discretion. Jones did not present his constitutional claims to the district court in his first sentencing hearing, and on remand the district court erroneously concluded it had no jurisdiction to consider them for the first time. Where a district court has not undertaken “the traditional exercise of discretion by a sentencing court,” Koon v. United States, 518 U.S. 81, 98, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), we should be reluctant to substitute our judgment as to how that discretion would or should have been exercised on any matters of sentencing. I see no merit to an expansive law of the case ruling that forecloses from consideration a non-frivolous issue that neither the district court nor we have previously addressed.
Jones’s arguments against his conviction and sentence were similar, but similar arguments carry distinct meanings when posed in different contexts and to different tribunals. The prior panel knew the sentence would become unbundled on remand and I think would have expected the district court to hear Jones’s claims when it resentenced him. With the majority’s decision now, we know the district court will never consider those claims. Thus I think a legitimate issue goes unreviewed.
I conclude that our prior decision does not represent the law of the case. I would remand to the district court to consider Jones’s sentencing argument in the first instance. I respectfully dissent.